IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER E. LAMARR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-129-D |
| ) | |
| SCOTT NUNN, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter is before the Court for review of the Report and Recommendation (Report) [Doc. No. 6] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has timely objected [Doc. No. 7] to the Report, which recommends dismissing the petition as time barred. Accordingly, the Court must make a *de novo* determination of those portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 conviction and sentence in the District Court for Caddo County, Oklahoma. Petitioner filed this federal action on February 14, 2022 [Doc. No. 1]. Judge Erwin recommends that the petition be deemed time barred under the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A). Judge Erwin also concludes that no basis exists for statutory or equitable tolling of the one-year limitation period. Petitioner objects only to the finding that his petition is time-barred under § 2244(d)(1)(A).

In his objection, Petitioner does not dispute Judge Erwin's historical account of the state court proceedings or Judge Erwin's conclusion that Petitioner is not entitled to statutory or equitable tolling of the statute of limitations. Thus, the Court accepts these portions of the Report.[1] Petitioner raises one specific objection to Judge Erwin's Report; he argues Judge Erwin incorrectly found his conviction ever became final because the state court lacked jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year limitations period for federal habeas claims by petitioners in state custody. 28 U.S.C. § 2244(d)(1). Since Petitioner's conviction became final before Congress passed the AEDPA, Petitioner's limitations period commenced on the AEDPA's effective date, and expired one year later, on April 24, 1997. *See Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021). Petitioner filed his federal habeas petition on February 14, 2022.

Defendant does not dispute that he failed to file his Petition for Writ of Habeas Corpus within the one-year limitations period for federal habeas claims by petitioners in state custody. Instead, he argues his state court conviction could never be final for federal habeas purposes because the state court lacked jurisdiction over him, an Indian charged with committing a crime in Indian Country.

Petitioner's argument that a challenge to the state district court's jurisdiction on habeas review is not subject to the limitations period set in § 2244(d)(1) lacks merit. "The Tenth Circuit has previously rejected the argument that issues of subject matter jurisdiction

---

[1] Petitioner has waived further review of all issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

are never waived and may be raised at any time." *Davis v. Crow*, No. CIV-22-162-F, 2022 WL 885046, at *1 (W.D. Okla. Mar. 24, 2022) (citing *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished)). "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause," but, as with any other habeas claim, Petitioner's due process claim is "subject to dismissal for untimeliness." *See Morales*, 417 F. App'x at 749; *see also Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019). Petitioner filed his federal habeas petition nearly 25 years after the expiration of his statutory year under § 2244(d)(1)(A). His Petition is, therefore, untimely and barred by the statute of limitations; it must be dismissed. The Court finds that jurists of reason would not find it debatable whether this is the correct procedural ruling in this case. *See Murrell*, 793 F. App'x at 679. Therefore, a COA will not be issued.

## CONCLUSION

Upon a *de novo* review of the issues presented, the Court finds that the claims in the petition are time barred and should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 6] is **ADOPTED** in its entirety. Petitioner's claims are dismissed with prejudice as time barred. A judgment shall be issued forthwith.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

    **IT IS SO ORDERED** this 11th day of April, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge